OPINION
{¶ 1} Defendant-appellant Joey Thompson appeals from the revocation of his *Page 2 
community control sanctions. On May 31, 2005, Thompson appeared in Xenia Municipal Court, where he signed a waiver and plea form, and pled guilty to two counts of Operating a Motor Vehicle Under the Influence, two counts of Driving Under FRA Suspension, one count of Fleeing and Eluding and one count of Improper Backing. The Trial Court imposed a total of 720 days in jail, suspending all but 120 days on condition of no future violations for five years. However, Thompson was only placed on community control for two years. The trial court imposed a fine of $1550.00 plus court costs, ordered restitution, ordered Thompson's vehicle to be forfeited to the Xenia Police Department, and suspended Thompson's operator's license for three years.
 {¶ 2} On November 16, 2005, a warrant was issued for Thompson's arrest, alleging violations of his community control sanctions. Thompson was finally arrested on September 1, 2006, and a revocation hearing was held on October 13, 2006. The trial court noted that Thompson was present at the hearing and was represented by counsel. During the hearing, Thompson admitted violating the terms of his community control. The trial court revoked Thompson's community control sanctions, and imposed the balance of his jail time.
 {¶ 3} Thompson's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S. Ct. 1396, 19 L.Ed.2d. 493, indicating that there are no meritorious issues to be presented on appeal. By entry filed July 17, 2007, we advised Thompson that his appellate counsel had filed an Anders brief and allowed him sixty (60) days within which to file a pro se brief. Thompson has not filed a pro se brief on his behalf.
 {¶ 4} Pursuant to our responsibilities under Anders, supra, we have independently reviewed the record. Based upon our examination, we agree with Thompson's appellate counsel *Page 3 
that there are no meritorious issues presented on appeal.
 {¶ 5} Appellate counsel suggests three possible assignments of error. Thompson's first possible assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN REVOKING DEFENDANT'S PROBATION BASED UPON DEFENDANT'S INABILITY TO PAY FINANCIAL SANCTIONS."
 {¶ 7} It is clear from the record that Thompson's community control sanctions were revoked because he failed to report, failed to become employed, failed to pay fines and court costs, failed to keep his phone connected, and failed to comply with treatment. Generally, an offender cannot be incarcerated for his inability to pay fines. State v.Swift, (April, 1, 2005), Montgomery App. No. C.A. 20534, 2005-Ohio-1595. However, Thompson's revocation was not based solely upon his failure to pay fines and court costs. To the contrary, the revocation was also based upon Thompson's failure to report, his failure to become employed, and his failure to comply with treatment. As such, we agree with Thompson's appellate counsel that there is no merit to this first possible assignment of error.
 {¶ 8} Thompson's second possible assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT VIOLATED DEFENDANT'S RIGHTS TO COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."
 {¶ 10} Thompson's contention that his right to counsel was violated at the time he entered his guilty plea is not properly before this Court. Because Thompson failed to raise this issue on direct appeal within thirty days (30) of his guilty plea, any purported error in this regard has been waived. Thus, the inquiry of this Court on appeal is limited solely to the validity of the revocation hearing. The record before us clearly indicates that Thompson was in fact *Page 4 
represented by counsel during the revocation hearing. Therefore, we agree with Thompson's appellate counsel that Thompson's second possible assignment of error has no merit.
 {¶ 11} Thompson's third assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT IMPROPERLY FORFEITED DEFENDANT'S VEHICLE."
 {¶ 13} Thompson's objection to the trial court's order forfeiting his vehicle is also outside the scope of our inquiry as the forfeiture likewise was not challenged initially on direct appeal. The forfeiture of Thompson's vehicle is clearly irrelevant to our inquiry into the validity of the revocation hearing. Thus, we agree with Thompson's appellate counsel that this assignment of error has no merit.
 {¶ 14} Based upon this Court's independent examination of the record, we agree with appellate counsel and find no potentially meritorious issues for appellate review. The judgment of the trial court is affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1